## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE | ) | |
| 1130 17th Street, NW | ) | Case No. 19-2936 |
| Washington, DC 20036 | ) | |
| | ) | |
| CENTER FOR BIOLOGICAL DIVERSITY | ) | **COMPLAINT FOR DECLARATORY** |
| PO BOX 11374 | ) | **AND INJUNCTIVE RELIEF** |
| Portland, OR 97211 | ) | |
| | ) | |
|        Plaintiffs, | ) | |
|    v. | ) | |
| | ) | |
| DAVID BERNHARDT | ) | |
| Secretary | ) | |
| U.S. Department of the Interior, | ) | |
| 1849 C Street, NW | ) | |
| Washington, DC 20240 | ) | |
| | ) | |
| U.S. FISH AND WILDLIFE SERVICE | ) | |
| 1849 C Street, NW | ) | |
| Washington, DC 20240 | ) | |
| | ) | |
| MARGARET EVERSON | ) | |
| Principal Deputy Director | ) | |
| Exercising the Authority of the Director | ) | |
| U.S. Fish and Wildlife Service | ) | |
| 1849 C Street, NW | ) | |
| Washington, DC 20240 | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

1.     Plaintiff conservation organizations bring this action against Defendants, David

Bernhardt, Secretary of the U.S. Department of the Interior, in his official capacity, the U.S. Fish

and Wildlife Service (the "Service"), and Margaret Everson, Principal Deputy Director

Exercising the Authority of the Director of the U.S. Fish and Wildlife Service, seeking an order

from this Court to require them to carry out their mandatory, non-discretionary duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–44.

2.      Defendants have failed to comply with their mandatory duties to make a "90-day finding" and, if positive, a subsequent "12-month finding" on the Plaintiffs' June 1, 2018 Petition to list the dunes sagebrush lizard (*Sceloporus arenicolus*) as an endangered or threatened species under the ESA and to designate its critical habitat (the "Petition"). This lawsuit seeks an order requiring Defendants to make the overdue 90-day finding on the Petition, which should have been made by August 30, 2018 and no later than the final deadline for the 12-month finding on the Petition, which by law was required to have been made no later than June 1, 2019.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. §§ 1540(c), (g) (action arising under the ESA and citizen suit provision).

4.      This Court has authority to grant Plaintiffs' requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 and the ESA, 16 U.S.C. § 1540(g)(1)(A).

5.      More than 60 days ago, Plaintiffs furnished Defendants with written notice of the ESA violations alleged herein and of Plaintiffs' intent to sue should Defendants fail to timely make the required 90-day finding. *See* 16 U.S.C. § 1540(g)(2).

6.      To date, Defendants have not remedied their ESA violation by making the overdue 90-day finding or the subsequent 12-month finding. Therefore, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2001.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because a significant part of the acts and omissions giving rise to Plaintiffs'

cause of action occurred in this judicial district. The U.S. Fish & Wildlife Service's Main Office, responsible for making the finding on the Petition, is in this judicial district, and Defenders of Wildlife's headquarters, where this complaint originated, is in this judicial district. The Center for Biological Diversity also maintains an office in this judicial district.

## PARTIES

8.      Plaintiff Defenders of Wildlife ("Defenders") is a non-profit 501(c)(3) organization headquartered in Washington, DC with offices throughout the United States. Founded in 1947, Defenders is a science-based conservation organization with more than 1.8 million members and supporters nationwide and a substantial number of members in the range of the dunes sagebrush lizard. Defenders is dedicated to the protection of all native wild animals and plants in their natural communities and the preservation of the habitat on which they depend. Defenders advocates for new approaches to wildlife conservation that will help keep species from becoming endangered, and it employs education, litigation, research, legislation, and advocacy to defend wildlife and their habitat. Defenders is one of the nation's leading advocates for endangered species and has been involved in issues of ESA implementation for more than thirty-five years.

9.      Plaintiff Center for Biological Diversity (the "Center") is a non-profit 501(c)(3) organization with offices in California, Washington, Oregon, Arizona, Nevada, New Mexico, Colorado, Illinois, Minnesota, New York, Virginia, North Carolina, Florida, and Washington, DC. The Center has more than 67,000 members throughout the United States and the world, including hundreds of members in the range of the dunes sagebrush lizard. The Center's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and

environmental law. Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural environmental are closely linked, the Center is working to secure a future for animals and plants hovering on the brink of extinction, for the ecosystems they need to survive, and for a healthy, livable future for all of us.

10.     Plaintiffs bring this action on their own institutional behalf and on behalf of their members, who derive scientific, aesthetic, recreational, and spiritual benefit from endangered and threatened species and their habitats. Plaintiffs' members have observed and photographed the dunes sagebrush lizard in the wild and have ongoing interests in the dunes sagebrush lizard and its habitat. Plaintiffs' members have future plans to visit and observe the dunes sagebrush lizard in the wild. The interests of Plaintiffs and their members in observing, studying, and otherwise enjoying the dunes sagebrush lizard and its habitat, and in obtaining and disseminating information regarding the survival of the species, have been harmed by Defendants' actions and Defendants' failure to make a 90-day finding and, if positive, a subsequent 12-month finding as required by the ESA, 16 U.S.C. §§ 1533(b)(3)(A), (B). Plaintiffs' injuries would be remedied by an order from this Court compelling compliance with the statute.

11.     Defendant David Bernhardt is sued in his official capacity as Secretary of the Department of the Interior.

12.     Defendant U.S. Fish and Wildlife Service is an agency of the federal government located within the U.S. Department of the Interior. The Secretary of the Interior has charged the Service with implementing and enforcing the ESA. 50 C.F.R. § 402.01(b).

13.     Defendant Margaret Everson is sued in her official capacity as Principal Deputy Director Exercising the Authority of the Director of U.S. Fish and Wildlife Service.

14.     Unless the requested relief is granted, Plaintiffs' interests will continue to be injured by Defendants' failure to comply with their statutory obligation. The injuries described above are actual and imminent and are caused by Defendants' failure to complete a 90-day finding and, if positive, a subsequent 12-month finding for the species. The relief sought herein would redress Plaintiffs' injuries. Plaintiffs have no other adequate remedy at law.

## LEGAL BACKGROUND

15.     In drafting the ESA, Congress found that "various species of fish, wildlife, and plants in the United States have been rendered extinct as a consequence of economic growth and development untempered by adequate concern and conservation," and that "other species of fish, wildlife, and plants have been so depleted in numbers that they are in danger of or threatened with extinction." 16 U.S.C. §§ 1531(a)(1), (2). Accordingly, Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b).

16.     To this end, the ESA requires the Service to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species. 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range . . . ." 16 U.S.C. § 1532(6). A "threatened species" is "any species which is likely to become an endangered species within the foreseeable future . . . ." 16 U.S.C. § 1532(20).

17.     For the ESA to protect a species, the Service must first officially list the species as either threatened or endangered. 16 U.S.C. § 1533(a). The listing process is the critical first step in the ESA's system of species protection and recovery. The Service must also designate the

species' habitat as critical habitat for it to receive several important substantive and procedural ESA protections. 16 U.S.C. § 1533(a)(3)(A)(i).

18.     Any interested person can initiate the listing process by filing a petition to list a species with the Service. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

19.     Upon receipt of a petition to list a species, the Service is required to make an initial finding known as a "90-day finding." Specifically, within 90 days of receipt, "to the maximum extent practicable," the Service must determine whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). The ESA's implementing regulations define "substantial scientific or commercial information" as "credible scientific or commercial information in support of the petition's claims such that a reasonable person conducting an impartial scientific review would conclude that the action proposed in the petition may be warranted." 50 C.F.R. § 424.14(h)(1)(i).

20.     If the Service finds that the petition presents substantial information, the Service "shall promptly commence a review of the status of the species concerned," and must publish the finding in the Federal Register. 16 U.S.C. § 1533(b)(3)(A).

21.     If the Service makes a positive 90-day finding, it has 12 months from the date that the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted, but presently precluded by other pending proposals to list, delist, or change the listed status of other species, provided that the Service is making expeditious progress on the other proposals. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(h)(2). This second finding is known as a "12-month finding."

22.     If the Service makes a 12-month finding that the petitioned action is warranted, then it must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

23.     Within one year of the publication of a proposed rule to list a species, the Service must make a final decision on the proposal or extend the deadline by up to six months in cases of scientific uncertainty. 16 U.S.C. § 1533(b)(6)(A).

24.     "Concurrently" with listing a species as threatened or endangered, the Service must designate critical habitat for the species to the maximum extent prudent and determinable. 16 U.S.C. § 1533(a)(3)(A)(i); *see also* § 1533(b)(6)(C).

25.     Designation of critical habitat for listed species provides additional necessary protection and aids in the conservation of the species because all federal agencies must consult with the Service to "insure that any action authorized, funded, or carried out by [federal agencies] is not likely to jeopardize the continued existence of any endangered species or threatened species *or result in the destruction or adverse modification of [its critical habitat]*." 16 U.S.C. § 1536(a)(2) (emphasis added).

## FACTS

26.     The dunes sagebrush lizard is a "specialist species"—which only thrives in a narrow range of habitat. The dunes sagebrush lizard lives in irreplaceable shinnery oak sand dune habitat located in southeastern New Mexico and western Texas. Shinnery oak sand dune habitat has become increasingly fragmented and diminished overall. What habitat remains has many threats, including herbicides, oil and gas development on public and private lands, and increased frac-sand mining operations. Existing regulations, or lack thereof, to protect the lizard are inadequate to ensure the continued existence of the species.

27.     The dunes sagebrush lizard has been a candidate for listing since 1982, but for many years the Service took no action to list the species under the ESA. In 2001, the Service gave notice that the lizard was a candidate species for listing with a priority of "2"—the highest possible priority for a subspecies—"[d]ue to imminent threats of a high magnitude." 66 Fed. Reg. 54,807 (Oct. 10, 2001). In 2002, after seeing no movement to list the species, the Center petitioned the Service to list the dunes sagebrush lizard as endangered or threatened. In response to that petition, the Service issued a 12-month finding in which it concluded that listing was warranted but precluded by higher priority listings. 69 Fed. Reg. 77,167 (Dec. 27, 2004). In 2010, the Service issued a proposed rule to list the dunes sagebrush lizard as endangered, noting at the time that the 3-inch long reptile "faces immediate and significant threats due to oil and gas activities, and herbicide treatments." 75 Fed. Reg. 77,801 (Dec. 14, 2010). However, in June 2012, the Service reversed course and formally declined to list the dunes sagebrush lizard, claiming that newly-developed state-led voluntary conservation efforts would adequately protect the species. 77 Fed. Reg. 36,871 (June 19, 2012).

28.     In withdrawing the proposed rule to list the dunes sagebrush lizard under the ESA, the Service relied upon the Texas Conservation Plan ("TCP"), a candidate conservation agreement with assurances ("CCAA") developed by the Texas Comptroller of Public Accounts (the "Comptroller") in conjunction with the oil and gas industry. 77 Fed. Reg. 36,871 (June 19, 2012); Texas Conservation Plan for the Dunes Sagebrush Lizard (*Sceloporus arenicolus*) (Sept. 27, 2011), https://www.fws.gov/southwest/es/Documents/R2ES/TX_Cons_Plan_DSL_201 10927.pdf.

29.     In response to serious and chronic implementation and monitoring problems under the TCP, and in recognition of the growing threat of frac-sand mining in the dunes

sagebrush lizard habitat, the Comptroller notified the Service on November 8, 2018 that it had

discontinued activities under the TCP and surrendered its Enhancement of Survival Permit. *See*

Letter from Mr. Glenn Hegar, Texas Comptroller of Public Accounts, to Ms. Amy Lueders,

Regional Director, U.S. Fish & Wildlife Service (Nov. 8, 2018), https://www.biologicaldiversity.

org/species/reptiles/dunes_sagebrush_lizard/pdfs/DSL-plan-withdraw-letter.pdf.

　　　　30.　　　Due to the growing threat of frac-sand mining to the survival of the dunes

sagebrush lizard, and in response to the failure of previous state-led conservation efforts to

protect the species, particularly in western Texas, (*see* Defenders of Wildlife, Sand Mining

Destroying Habitat of Rare Lizard (Sept. 25, 2017), https://newsroom.defenders.org/sand-

mining-destroying-habitat-of-rare-lizard-in-the-permian-basin/), the Center and Defenders filed a

new Petition to list the dunes sagebrush lizard as a threatened or endangered species and

designate critical habitat on May 8, 2018. *See* Petition to list the Dunes Sagebrush Lizard as a

Threatened or Endangered Species and Designate Critical Habitat (May 8, 2018), https://www.bi

ologicaldiversity.org/species/reptiles/dunes_sagebrush_lizard/pdfs/DSL-petition.pdf. According

to an analysis by Defenders, more than 1,600 acres of the dunes sagebrush lizard's habitat had

been destroyed in the 18 months prior to filing the Petition, making the need for listing urgent.

*See* Natalie Krebs, Texas Files New Conservation Plan for Rare Lizard, Courthouse News Serv.

(Aug. 17, 2018), https://www.courthousenews.com/texas-files-new-conservation-plan-for-rare-

lizard/.

　　　　31.　　　The Service received the Petition to list the dunes sagebrush lizard under the ESA

on June 1, 2018.

　　　　32.　　　The 90-day finding was due on or before August 30, 2018, to the maximum extent

practicable. The 90-day finding has also been delayed past the inflexible 12-month deadline for

the final determination. *See Friends of Animals v. Ashe*, 808 F.3d 900, 902 (D.C. Cir. 2015)

("The 90-day deadline for the initial determination is not so rigid. Instead, the [ESA] grants the

Service some flexibility over when to issue initial determinations. . . . But that flexibility is not

unlimited. Rather, the inflexible 12-month deadline for the final determination necessarily also

places an outer limit on the Service's time for issuing the initial determination.").

34.     Plaintiffs provided Defendants with written notice of their violation of the ESA

via electronic and certified mail on July 19, 2019. (Exhibit A).

35.     Defendants acknowledged their failure to complete a 90-day finding for the

species by letter on September 13, 2019. (Exhibit B).

36.     To date, the Service has failed to make an initial 90-day finding and, if positive, a

final 12-month finding on the Petition.

## CLAIM FOR RELIEF

37.     The allegations of paragraphs 1 through 36 are incorporated herein by reference.

38.      Defendants have violated their mandatory, non-discretionary duties under the

ESA by failing to timely make a 90-day finding on the Petition to list the dunes sagebrush lizard.

16 U.S.C. §§ 1533(b)(3)(A).

39.      Defendants' failure to make a 90-day finding on the Petition to list the dunes

sagebrush lizard is a violation of the ESA. 16 U.S.C. § 1533(b)(3)(A).

40.     Defendants' violation of law poses actual and imminent harm to the protected

interests of Plaintiffs and their members, and it is likely that a favorable judicial decision will

prevent or redress such injury.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

1.      A declaratory judgment that Defendants have violated the ESA by failing to make a 90-day finding on the Petition to list the dunes sagebrush lizard;

2.      An injunction compelling Defendants to make the overdue 90-day finding on the Petition to list the dunes sagebrush lizard by a date certain;

3.      An order awarding Plaintiffs their costs of litigation, including reasonable attorneys' fees;

4.      Such other and further relief as the Court deems just and proper.


Respectfully submitted this 1st day of October 2019.

<div style="margin-left:40%">

/s/ Jason C. Rylander
Jason C. Rylander (D.C. Bar No. 474995)
Defenders of Wildlife
1130 17th Street, NW
Washington, DC 20036
Tel: (202) 772-3245
Email: jrylander@defenders.org

Jennifer L. Loda (CA Bar No. 284889)*
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (510) 844-7136
Email: jloda@biologicaldiversity.org

*Seeking admission *pro hac vice*

</div>